IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRUCE D. SAELLAM,                                      )
                                                       )
              Plaintiff,                               )
                                                       )
   -vs-                                                )
                                                         Civil Action No.  06-123
                                                       )
NORFOLK SOUTHERN CORPORATION, NORFOLK )
 and SOUTHERN RAILWAY CORPORATION,                     )
                                                       )
                                                       )
              Defendants.                              )

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

Plaintiff, Bruce Saellam ("Plaintiff"), initiated this action against Defendants Norfolk Southern Corporation and Norfolk Southern Railway Corporation ("Defendants" or "Norfolk Southern"), alleging discriminatory treatment on the basis of national origin and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), retaliation under Title VII and the ADEA, and pendent state claims under the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951, *et seq.* ("PHRA").

Pending before the Court is Defendants' Motion for Summary Judgment. seeking dismissal of Plaintiff's claims in their entirety.  (Docket No. 14).  After careful consideration of the parties' submissions and for the reasons set forth below,

Defendants' Motion is granted in part and denied without prejudice in part.

## I. BACKGROUND

A. FACTUAL BACKGROUND

Unless otherwise indicated, the following material facts are undisputed. Plaintiff filed a charge of discrimination with the EEOC on June 16, 2005, alleging discrimination based on national origin, retaliation, and age against Defendants in connection with his Norfolk Southern employment. While that charge was pending, Plaintiff filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Western District of Pennsylvania on October 8, 2005, at Bankruptcy No. 05-34922. See Defs.' App., Exs. 36-37. Plaintiff retained attorney Gino Peluso in September 2005 to file the petition on his behalf.

In his bankruptcy petition, Plaintiff did not list his employment discrimination claim as either a contingent claim in his schedule of assets, or as a suit or administrative proceeding in his statement of financial affairs. Id. Ex. 37. On the statement of financial affairs, Plaintiff specifically was asked to "list all suits and administrative proceedings to which the debtor is a party within one year immediately preceding the filing of his bankruptcy case." Plaintif checked "none" on the answer to this inquiry even though he had filed his EEOC charge approximately five months before. Id.

Plaintiff filed the instant lawsuit on January 27, 2006. Plaintiff did not amend his bankruptcy petition to include any reference to this lawsuit. On April 6, 2006, Plaintiff was granted a discharge in bankruptcy. Id., Ex. 38.

Plaintiff claims he was not aware in 2005 that his EEOC charge of discrimination constituted an "administrative proceeding" or a "legal proceeding." Accordingly, Plaintiff contends he did not discuss his EEOC charge with his bankruptcy counsel.  Plaintiff avers that he first became aware that he failed to disclose this "asset" when he and his counsel in this lawsuit (Joel Sansone, Esq.) received the instant Motion for Summary Judgment.  Plaintiff states that, upon learning of this "oversight," he directed Mr. Sansone to take all steps necessary to reopen the bankruptcy and to have Mr. Sansone appointed as special counsel to the bankruptcy trustee in order to continue the prosecution of this action.

A review of the bankruptcy court docket reflects that on March 21, 2007, the trustee in Plaintiff's bankruptcy case filed a Motion to Reopen the Case "so he can file an Asset Notice and appoint Special Counsel to continue with the litigation of the claim vs. Norfolk Southern Railroad and to administer any monies awarded to the Plaintiff upon approval of the Bankruptcy Court."  (Bankr. Docket No. 20).  On June 4, 2007, the bankruptcy court judge granted the bankruptcy trustee's Motion and reopened the case.  (Bankr. Docket No. 35).  The bankruptcy court docket also indicates that an application by the trustee to employ Mr. Sansone as special counsel is still pending, with a hearing set for June 5, 2007.

B.  PROCEDURAL HISTORY

For purposes of ruling upon the pending Motion, the following procedural history is relevant.

After exhausting his administrative remedies, Plaintiff filed a Complaint

3

against Defendants on January 27, 2006.  (Docket No. 1).  Defendants answered Plaintiff's Complaint on April 12, 2006.  (Docket No. 2).  On January 31, 2007, Defendants filed their Motion for Summary Judgment, Brief in Support, Concise Statement of Material Facts, and Appendix.  (Docket Nos. 14-16).  On March 28, 2007, Plaintiff filed a Brief in Opposition, Counterstatement of Material Facts, and Appendix in opposition to Defendants' Motion. (Docket Nos. 20-22). Defendants filed a Reply Brief on April 12, 2007.  (Docket No. 23).  On May 25, 2007, I sent a Notice to the parties requesting that they file supplementary briefs addressing the issue of Plaintiff's standing to pursue his claims in this lawsuit.  (Docket No. 24).  Defendants filed a supplemental memorandum on June 1, 2007.  (Docket No. 25).  Plaintiff's counsel elected not to file a supplemental brief on the issue.

Defendants' Motion is now ripe for my review.

## II.  LEGAL ANALYSIS

### A.  STANDARD OF REVIEW

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

4

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990).  The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact.  Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d Cir. 1987).   The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is material when it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex, 477 U.S. at 322.   Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Id. at 324.  Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988) (quoting Celotex, 477 U.S. at 322).

B.  STANDING

Defendants' first argument in support of their Summary Judgment Motion is

that the doctrine of judicial estoppel bars Plaintiff's claims.  Specifically, Defendants argue that because Plaintiff failed to disclose his instant claims during his bankruptcy proceedings, he should be estopped from pursuing this lawsuit.  A review of relevant case law, however, indicates that lack of standing, rather than judicial estoppel, is the more appropriate defense under the facts of this case.  See, e.g., Biesek v. Soo Line R.R. Co., 440 F.3d 410, 413 (7th Cir. 2006); ("[T]he threshold issue is not whether to apply an estoppel but whether [plaintiff/debtor] is the real party in interest."); Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004).  In a supplemental brief submitted at my request, Defendants agree that Plaintiff's standing is a threshold issue and argue that Plaintiff lacks such standing in this case.[1]

It is well-settled that the commencement of a Chapter 7 bankruptcy case requires a debtor to schedule as assets "all legal and equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  The Supreme Court has held that section 541(a) must be construed broadly with respect to what constitutes property of the estate.  United States v. Whiting Pools, Inc., 462 U.S. 198, 204 (1983).  Courts also uniformly have held that "the broad scope of § 541 encompasses causes of action existing at the time the bankruptcy action commences," including claims for employment discrimination.  Anderson v. Acme Markets, Inc., 287 B.R. 624, 629 (E.D. Pa. 2002); see also, e.g., Cain v. Hyatt, 101 B.R. 440,

---

[1] Although Plaintiff's status as the real party in interest is an issue I may address *sua sponte*, see, e.g., Weissman v. Weener, 12 F.3d 84, 86 (7th Cir. 1993),  I afforded both parties the courtesy of submitting briefs on the question.  See Docket No. 24.   As set forth above, Defendants filed a memorandum in accordance with my request.  Plaintiff, however, elected not to brief the issue within the allotted time frame.

441-42 (E.D. Pa. 1989) (citing cases); <u>Bickford v. Ponce De Leon Care Ctr.</u>, 918 F. Supp. 377, 378 (M.D. Fla. 1996); <u>In re Carson</u>, 82 B.R. 847, 851 (Bankr. S.D. Ohio 1987).  Thus, Plaintiff's employment discrimination and retaliation causes of action, which plainly existed at the time he filed for bankruptcy, are property of his estate.

The bankruptcy code provides that a Chapter 7 trustee is the sole representative of the estate.  11 U.S.C. § 323(a); <u>see also</u> <u>id.</u> § 323(b) (it is the trustee who "has the capacity to sue and be sued").  Accordingly, after a trustee is appointed, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed.  Rather, "[o]nly the trustee . . . has the authority to prosecute and/or settle such causes of action." <u>Anderson</u>, 287 B.R. at 628 (quoting <u>Cain</u>, 101 B.R. at 442); <u>see also</u>, <u>e.g.</u>, <u>Stramiello-Yednak v. Perl</u>, No. Civ. A. 05-517, 2006 WL 1158123, at *2 (W.D. Pa. Apr. 28, 2006); <u>Estel v. Bigelow Mgmt., Inc.</u>, 323 B.R. 918, 924 (E.D. Tex. 2005); <u>Byrd v. Potter</u>, 306 B.R. 559, 562 (N.D. Miss. 2002); <u>Harris v. St. Louis Univ.</u>, 114 B.R. 647, 649 (E.D. Mo. 1990).

A debtor may regain standing to pursue an action if the trustee abandons the cause of action.  Under 11 U.S.C. § 554(a), the trustee may abandon property that is burdensome, or of inconsequential value, to the estate.  Under 11 U.S.C. § 554(b), the bankruptcy court may order the trustee to abandon such property at a party's request.  11 U.S.C. § 554(c) further provides that "[u]nless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor."

Here, there is no indication that the trustee abandoned Plaintiff's claims in

this case pursuant to sections 554(a) or (b).[2]   Plaintiff's claims also were not abandoned pursuant to section 554(c) because his cause of action was never "scheduled" as required by that subsection.   Thus, the cause of action remains property of the estate pursuant to 11 U.S.C. § 554(d), which provides that "[u]nless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." See, e.g., Parker, 365 F.3d at 1272; Anderson, 287 B.R. at 629.

Because Plaintiff's cause of action is part of the bankruptcy estate, and has not been abandoned by the trustee, I hold Plaintiff is not the real party in interest and that only the trustee in bankruptcy, as sole representative of Plaintiff's estate, has standing to pursue the instant lawsuit.  See, e.g., Biesek, 440 F.3d at 413; Byrd, 306 B.R. at 562-63; Harris, 114 B.R. at 649; Cain, 101 B.R. at 441; Paul v. Coca-Cola Enters., Inc., Civ. A. No. 06-796, 2007 WL 1451663 (W.D. Pa. May 15, 2007); Allston-Wilson v. Philadelphia Newspapers, Inc., Civ. A. No. 05-4056, 2006 WL 1050281 (E.D. Pa. Apr. 20, 2006); see also Fed. R. Civ. P. 17(a).

The fact that Plaintiff lacks standing, however, does not mean that I must dismiss this action.  Rather, Federal Rule of Civil Procedure 17(a) permits the trustee in bankruptcy to be substituted as the named plaintiff.   The fact that the trustee has successfully petitioned the bankruptcy court to reopen Plaintiff's bankruptcy proceeding indicates to me that the trustee may have an interest in pursuing

---

[2]  Indeed, on June 4, 2007, the bankruptcy court granted the trustee's motion to reopen Plaintiff's bankruptcy in light of Plaintiff's instant lawsuit.  The trustee also has filed a bankruptcy motion to employ Plaintiff's counsel in this case, Joel Sansone, to act as special counsel to the estate with respect to this lawsuit.

Plaintiff's employment discrimination claims on behalf of the estate and the estate's creditors.   Accordingly, in the interest of justice, I will give the trustee an opportunity to determine whether he wishes to seek to be substituted as party-plaintiff in this case.  See Chapple v. Fahnestock & Co., No. 103-CV-04989-ENV-JA, 2006 WL 2546563, at *2 (E.D.N.Y. Sept. 1, 2006).

## III.   CONCLUSION

For all of the above reasons, Defendants' Motion for Summary Judgment is granted to the extent that Plaintiff's Complaint is dismissed with prejudice for lack of standing unless within 45 days from the date of the accompanying order, the bankruptcy trustee appointed in Plaintiff's Chapter 7 proceeding moves to be substituted as plaintiff in this action or the Bankruptcy Court takes such other action as will permit this action to proceed.  Defendants' Motion for Summary Judgment is denied without prejudice in all other respects.[3]

* * * * * * * * * * * * * * * * * * * * * * * *

---

[3]  In their supplemental brief, Defendants request that I issue an order stating (1) that, in the event this lawsuit is dismissed, the liability for Defendants' costs remains with Plaintiff as opposed to the trustee; (2) that Plaintiff's counsel is barred from claiming or recovering attorneys' fees in the event Defendants settle this lawsuit with the trustee; and (3) that Plaintiff is barred by judicial estoppel from profiting from this lawsuit in the event the trustee abandons the lawsuit or recovers excess money.  Defs.' Supp. Mem. (Docket No. 25) at 2.  These are matters more appropriately left to be addressed if and when such potentialities occur.   Defendants also request that I order substitution of the bankruptcy trustee at this juncture.  Although Defendants correctly note that I recently entered such a substitution order in Paul v. Coca-Cola Enters., 2007 WL 1451663, I was deciding a formal motion to substitute in that case and also had the benefit of the plaintiff's response thereto expressing the plaintiff's and the trustee's positions on the issue.  No such motions or other documents are presently before me in this case.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE D. SAELLAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | Civil Action No.  06-123 |
| | ) |
| NORFOLK SOUTHERN CORPORATION, NORFOLK | ) |
| and SOUTHERN RAILWAY CORPORATION, | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

<u>ORDER OF COURT</u>

AND NOW, this **6th** day of June, 2007, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ORDERED that Defendants' Motion for Summary Judgment (Docket No. 14) is GRANTED to the extent that Plaintiff's Complaint is dismissed with prejudice for lack of standing unless within 45 days from the date of this Order, the bankruptcy trustee appointed in Plaintiff's Chapter 7 proceeding, <u>In re Saellam</u>, Bankr. Case No. 05-34922-MBM (Bankr. W.D. Pa.), moves to be substituted as plaintiff in this action or the Bankruptcy Court takes such other action as will permit this action to proceed.  Defendants' Motion for Summary Judgment is denied without prejudice in all other respects.

10

It is further Ordered that within five (5) days of the date of this Order, Defendants shall serve a copy of this Opinion and Order on the trustee in bankruptcy and file a copy of this Opinion and Order with the Clerk of the Bankruptcy Court and that it shall be made a part of the file in <u>In re Saellam</u>, Bankr. Case No. 05-34922-MBM (Bankr. W.D. Pa.).  Any request for an extension of time to complete substitution of parties will be considered only upon application of the trustee in bankruptcy. Judgment is stayed for 45 days from the date of this Order unless otherwise ordered by this Court.

BY THE COURT:

<u>/S/   Donetta W. Ambrose </u>

Donetta W. Ambrose,
Chief U. S. District Judge

11